UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONITA C. ROTHERHAM,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>AMERICAN RED CROSS; SAN DIEGO/IMPERIAL COUNTIES CHAPTER OF THE AMERICAN RED CROSS,<br><br>　　　　　　Defendants. | Civil No.04-1172-BEN(LSP)<br><br>**ORDER RE: ORDER TO SHOW CAUSE HEARING AND IMPOSING SANCTIONS AS TO ATTORNEY PAUL KONDRICK** |

Plaintiff Donita Rotherham and her counsel Paul Kondrick were directed to show cause why sanctions should not be imposed for failure to timely facilitate the production of documents in the possession of Plaintiff's treating psychiatrist, pursuant to the Court's order granting Defendants' motion to compel. (Doc. 55). Briefs were filed by the parties and a hearing was held on October 2, 2006. The Court took the matter under submission and invited Defendants to submit evidence of fees and costs incurred as a result of Plaintiff's tardy compliance with the order. Defendants did so, and Plaintiff responded by way of a declaration by Mr. Kondrick. After due consideration of all the submissions and counsels' representations during the hearing, the Court finds Mr. Kondrick wilfully failed to comply with the Court's order granting Defendants' motion to compel.

### ***BACKGROUND***

On July 21, 2006, Defendants filed a motion to compel Plaintiff to release medical records that were the possession of her treating psychiatrist, Dr. Michael McDaniel. The records were

1    initially subpoenaed in July 2005, however, Dr. McDaniel refused to produce the records without
2    Plaintiff's written authorization. *Declaration of Mary C. Dollarhide in Support of Defendants'*
3    *Motion to Compel Release of Medical Records, Ex. C & I.* (Doc. 51). Defense counsel, therefore,
4    repeatedly requested Mr. Kondrick have his client authorize the release of the records. *Id.* After
5    failing to obtain Plaintiff's voluntary release of the records, Defendants eventually filed their motion
6    seeking to compel her compliance. The motion, which was unopposed, was granted on August 11,
7    2006. (Doc. 55). Defendants again made repeated requests to Mr. Kondrick for his client's release
8    before eventually requesting the Court enforce the order. A Discovery Conference was held on
9    September 25, 2006, to discuss various discovery issues, as well as Plaintiffs' failure to authorize the
10   release of the records. Plaintiff executed the release while at the conference and Mr. Kondrick then
11   provided it to Defendants. Thereafter, when instructed by the Court to deliver the release to Dr.
12   McDaniel, Mr. Kondrick did so.

### ***BASIS FOR SANCTION***

14          Pursuant to its inherent power, a court may assess sanctions against parties and counsel for
15   a variety of forms of misconduct, including the "willful disobedience of a court order." Local Civil
16   Rule 83.1(a); *Chambers v. NASCO*, 501 U.S. 32, 45 (1991); *Alyeska Pipeline Service Co. v.*
17   *Wilderness Society*, 421 U.S. 240, 258 (1975). Because "inherent powers are shielded from direct
18   democratic control, they must be exercised with restraint and discretion." *Roadway Express Inc. v.*
19   *Piper*, 447 U.S. 752, 764 (1980). A "specific finding of bad faith... must precede any sanction under
20   the court's inherent powers." *Id.* at 767. *See also*, *Zambrono v. Tafolla*, 885 F.2d 1473, 1478 (1988);
21   *Fink v. Gomez*, 239 F.3d 989, 992 (2001).

22          Plaintiff did not authorize Dr. McDaniel's release of the medical records until September
23   25, 2006 – over six weeks after the Court ordered her to do so, and not until after Defendants brought
24   to the Court's attention the fact Plaintiff had not yet complied with the order. Plaintiff did not
25   authorize the release of the records before that time because she was concerned information contained
26   in those records might be disseminated to outside parties. *Declaration of Donita C. Rotherham re:*
27   *Order to Show Cause re: Sanctions Pertaining to Dr. McDaniel's Records.* (Doc. 88). It wasn't until
28   September 25, 2006, when Mr. Kondrick informed her about the protective order governing her

1  records, that she felt comfortable authorizing their release. *Id.* For his part, Mr. Kondrick contends
2  that he didn't realize there was a deadline for his client to comply with the Court's order and that he
3  was very busy during the month of August. *Declaration of H. Paul Kondrick re: Order to Show*
4  *Cause re: Sanctions Pertaining to Dr. McDaniel's Records*. (Doc. 89).

5  The Court finds Mr. Kondrick's explanation to be entirely unsatisfactory. In the absence
6  of a specific deadline, counsel should have taken steps to ensure his client complied with the Court's
7  order in a reasonable length of time. Plaintiff's six week delay in executing the release is
8  unreasonable under any circumstance, but even more so here – where Defendants have sought these
9  records for over a year and with the deadlines for completion of discovery and motions looming.
10 As such, the Court finds Mr. Kondrick wilfully violated the Court's order, such that sanctions should
11 be imposed.

12 ### ***AMOUNT OF SANCTION***

13 Defendants claim to have incurred in excess of $9,925 in attorney fees and costs in
14 connection with counsels' attempts to procure Plaintiff's compliance with the Court's order.
15 *Declaration of Alicia I. Getchell in Support of Sanctions at OSC.* It is reasonable for Mr. Kondrick
16 to compensate Defendants for some of this expense as it would not have incurred had Mr. Kondrick
17 taken steps to facilitate his client's timely compliance. Therefore, Mr. Kondrick shall pay the sum
18 of Two Thousand Five Hundred Dollars ($2,500.00) to Defendants within two weeks of entry of this
19 order.

20 DATED: October 16, 2006

22 Hon. Leo S. Papas
23 U.S. Magistrate Judge