

FILED
09 JAN 21 PM 1:40
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY: _____ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONITA C. ROTHERHAM,<br><br>　　　　　　　　　　Plaintiff,<br>vs.<br>AMERICAN RED CROSS *et al.*,<br><br>　　　　　　　　　　Defendants. | Case No. 04cv1172 BEN (LSP)<br><br>**ORDER DENYING MOTION TO RE-TAX COSTS** |

  Plaintiff Donita R. Rotherham commenced this action against Defendants American Red Cross and San Diego/Imperial Counties Chapter of the American Red Cross, claiming that Defendants terminated her employment contract in violation of common law and California statutes. Dkt. No. 1. After two years of intensive discovery, Defendants obtained summary judgment in their favor. Dkt. Nos. 117-18. As prevailing parties, they filed a bill of costs with the Clerk of the Court, seeking to recover costs in the amount of $36,027.85 from Rotherham. Dkt. No. 125. Rotherham objected to the cost request on three bases: (1) Defendants incurred unnecessary costs; (2) their cost request lacked evidentiary support; and (3) their costs were excessive. Dkt. No. 140-3 at 2. After a hearing, the Clerk granted part of Rotherham's objections and deducted over $5,000 from Defendants' cost request. Dkt. No. 151 at 2. Accordingly, the Clerk issued an Order taxing costs in the amount of $30,498.00. *Id.* Rotherham now moves to re-tax costs under Federal Rule of Civil Procedure 54(d). Dkt. No. 152. For the reasons set forth below, her motion is denied.

///

# DISCUSSION

## I. Rule 54 Standard

Under Rule 54(d), this Court has broad discretion to vacate or amend the Clerk's decision to tax costs. *Dawson v. City of Seattle*, 435 F.3d 1054, 1070 (9th Cir. 2006). In exercising its discretion, the Court is mindful that a losing party bears the burden to establish a reason to avoid taxation of costs. *Save Our Valley v. Sound Transit*, 335 F.3d 932, 944-45 (9th Cir. 2003). Moreover, because an award of costs to the prevailing party is presumed, the Court need not "specify reasons for its decision to abide the presumption and tax costs to the losing party." *Id.* at 945 (emphasis omitted).

## II. Application of Rule 54

In her motion to re-tax costs, Rotherham rehashes her three arguments the Clerk heard and rejected. As discussed below, these arguments lack merit.

First, Rotherham argues that Defendants incurred unnecessary costs in reproducing transcripts of 17 depositions, because she took those depositions for mere discovery purposes. Dkt. No. 152 at 2. She does not, however, provide any evidence corroborating her conclusory, self-serving assertions regarding the purposes of her depositions. Nor does she submit any authority to support the proposition that under Rule 54(d), Defendants may not recover costs relating to discovery. In any event, her argument that the depositions in question were unnecessary contradicts with her decision to take them in the first place. Accordingly, her argument must be rejected.

Second, Rotherham argues that Defendants fail to support their cost request with specificity. Contrary to her argument, Defendants submit a declaration and a memorandum of costs in compliance with Local Rule 54.1(a). Furthermore, her argument lacks legal support. She relies on *Berryman v. Hofbauer*, 161 F.R.D. 341 (E.D. Mich. 1995), and *English v. Colorado Department of Corrections*, 248 F.3d 1002 (10th Cir. 2001). Both *Berryman* and *Hofbauer* require that prevailing parties demonstrate that their costs are necessary. Because Defendants' declaration and memorandum meet the requirements under *Berry* and *Hofbauer*, Rotherham's reliance on these cases is misplaced. As a result, her argument is without merit.

///

///

     Equally unavailing is Rotherham's third argument that Defendants' costs were excessive. Aside from conclusory statements, she submits no evidence regarding the reasonableness of Defendants' costs. Moreover, the amount awarded appears reasonable, especially in light of the fact that discovery stretched over two years and involved dozens of depositions and volumes of documents. Thus, Rotherham's unsupported complaint of excessive costs cannot carry the day.

     Nor does consideration of fairness warrant re-taxing of the Clerk's award. Rotherham does not claim that she is indigent. Based on her objections to costs relating to (1) video-taping of seven depositions; and (2) exemplication of certain papers, the Clerk has already reduced Defendants' cost request by over $5,000. Accordingly, the Clerk's award shall stand.

## CONCLUSION

     For the reasons set forth above, the Court denies Rotherham's motion to re-tax cost.

     IT IS SO ORDERED.

Dated: January 10, 2009

Hon. Roger T. Benitez
United States District Judge